UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

ALISA WALKER, individually,

              Plaintiff,

    v.

SHANGRI-LA CORPORATION, a
domestic non-profit corporation,

              Defendant.

Case No. 6:20-cv-01577-MK

**OPINION AND ORDER**

**KASUBHAI,** United States Magistrate Judge:

      In this employment discrimination action, Plaintiff Alisa Walker ("Plaintiff") asserts six claims against Defendant Shangri-La Corporation ("Defendant"): claims for interference, restraint, or denial of rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and the Oregon Family Leave Act, ORS § 659A.150 *et seq.*; disability discrimination claims for failure to accommodate and engage in interactive process under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111 *et seq.*, and Oregon state law, ORS

Page 1 — OPINION AND ORDER

§ 659A.103 *et seq.*, OAR 839-006-0206; and claims for disability discrimination under the ADA, 42 U.S.C. § 12111 *et seq.*, and Oregon state law, ORS § 659A.103 *et seq.*.

On January 13, 2022, the Court agreed to conduct an *in camera* review of two e-mail documents identified in Defendant's privilege log to determine whether those documents are subject to the attorney-client privilege. *See* Minutes, ECF No. 30. For the reasons that follow, the Court finds that any discoverable content in these documents is protected from disclosure under the attorney-client privilege.

## DISCUSSION

"The attorney-client privilege protects confidential communications between attorneys and clients, which are made for the purpose of giving legal advice." *United States v. Sanmina Corp.*, 968 F.3d 1107, 1116 (9th Cir. 2020). The attorney-client privilege exists to encourage "full and frank communication between attorneys and their clients and thereby promote broader public interests in the observation of law and administration of justice." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). Generally, "[i]f a person hires a lawyer for advice, there is a rebuttable presumption that the lawyer is hired as such to give legal advice, whether the subject of the advice is criminal or civil, business, tort, domestic relations, or anything else." *United States v. Chen*, 99 F.3d 1495, 1501 (9th Cir. 1996) (internal quotations omitted). However, a party may rebut this presumption "when the facts show that the lawyer was 'employed without reference to his knowledge and discretion in the law.'" *Id.* (internal citation omitted).

The Ninth Circuit established an eight-part test to determine whether information is covered by the attorney-client privilege:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7)

> from disclosure by himself or by the legal adviser, (8) unless the protection be waived.

*Sanmina*, 968 F.3d at 1116 (citing *United States v. Graf*, 610 F.3d 1148, 1156 (9th Cir. 2010)). When examining dual-purpose communications, "courts look at whether the primary purpose of the communication is to give or receive legal advice, as opposed to business or tax advice." *In re Grand Jury*, 13 F.4th 710, 714 (9th Cir. 2021); *see also Meta Platforms, Inc. v. BrandTotal Ltd.*, 2022 WL 93932, at *1 (N.D. Cal. Jan. 10, 2022) (noting that the Ninth Circuit declined to resolve whether its primary-purpose test requires legal advice to "be '*the* primary purpose' or merely '*a* primary purpose'" (citing *In re Grand Jury*, 13 F.4th at 716–17) (emphasis in original)).

The Court has conducted an *in camera* review of the two e-mail documents identified in Defendant's privilege log. To the extent that the contents of those e-mail documents are discoverable, the Court's *in camera* review reveals that the primary purpose of the communication was to receive legal advice from an attorney employed with reference to that attorney's knowledge and discretion in the law. *See Chen*, 99 F.3d at 1501; *see also In re Grand Jury*, 13 F.4th at 714. Defendant made this communication in confidence without waiving the attorney-client privilege. *See Sanmina*, 968 F.3d at 1116. As such, any discoverable content in the two e-mail documents is protected from disclosure under the attorney-client privilege.

///

///

///

Page 3 — OPINION AND ORDER

## CONCLUSION

For the reasons above, the Court finds that Defendant has properly invoked the attorney-client privilege. The two e-mail documents identified in Defendant's privilege log and marked as Bates Nos. SLC004417-SLC004418 and SLC4417-SLC004418 are therefore protected from disclosure under the attorney-client privilege.

DATED this 28th day of January 2022.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge
